CRAIN, J.,
concurring.
|J disagree that the order removing the succession representative is an interlocutory judgment for which an appeal is expressly provided by law. The role of the succession representative, and his personal interest in the succession, is significant. He-is a fiduciary, is provided compensation for his services, is charged with acting as a prudent administrator at all times, and is personally responsible for his failure to do so. La.Code Civ. Pro. arts. 3191, 3351. If removed, the succession representative’s authority to act relative to the succession is terminated. Thus, I believe that the order removing the succession representative is a partial final judgment that may be appealed when appropriately designated pursuant to Louisiana Code of Civil Procedure article 1915B. The judgment before us has not been so designated, therefore I would issue a rule to show cause why this appeal should not be dismissed, affording the parties the opportunity to supplement the appellate record with an appropriately designated judgment. Absent such, I would consider the order pursuant to this court’s supervisory jurisdiction. See Editor’s Note to La.Code Civ. Pro. art. 1915.
With the exception of the discussion regarding jurisdiction, I agree with the majority and therefore concur.